Smith, J.
The only question in this case is whether the court of common pleas was right in sustaining a general demurrer to the petition of the plaintiffs.
The action was one brought by the trustees of a dissolved mutual insurance company to collect certain assessments on .a premium note given to the company while doing business, in consideration of a policy of insurance on property of the defendant, issued September 27,1888, for the period of five years from that date. The note is for $225, payable in such portions and at such times as the directors of the insurance company might require, to pay losses and expenses. *223 It appears from the petition that the plaintiffs, appointed as trustees by the Supreme Court of Ohio, to close up the affairs of such corporation, had all the authority formerly possessed by the directors to make assessments on the premium notes held by the company, to pay losses and assessments, and that if said note of the defendant was properly assessable therefor, in view of the other facts stated in the petition, that the amount of assessments on such note of the -defendants is $100.00, which is still due and unpaid, and that proper demand has been made on the defendant therefor. But it further appears from the allegations of the petition that on October 25, 1890, which was long before the application for dissolution of such corporation was made, the board of directors thereof cancelled said policy and returned said premium note to the defendant, said cancellation being made at the instance of the insurance company, on the ground of the undesirableness of the risk. There was no allegation in the petition that under any other statute of the state, (and no such statute was brought to our notice), or by the terms of the policy itself, or by virtue of any contract between the parties, the insurance company had the right to cancel said policy, or in such event that the liability of the maker of the note for past or future assessments remained. But, on the contrary,for all that appears it was a case where the company violated its contract by terminating the same without authority to do so, which would, of itself, bar it of its right to recover on the note; but it also appeared that the directors of the company who were authorized to deal as to such matters, in good faith it must be presumed, without allegations to the contrary, returned the note, the evidence of the liabiliy of the defendant,who accepted the same, and this, in the absence of the other stipulations to the contrary, -was a compromise .and adjustment of the matter.
*224 We are, therefore, of the opinion, for these reasons and those stated in the opinion of the judge of the common pleas who decided the case, that the action of the court in sustaining the demurrer to the petition was right, and wilt be affirmed.
(Affirmed by Supreme Court, without report, March 31, 1896.)